1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                    * * * * *

9    CONVERGYS CORPORATION,              )
                                         )
10                Plaintiff/Counter-defendant,  )        02:06-CV-0644-LRH (GWF)
                                         )
11   vs.                                 )
                                         )
12   FREEDOM WIRELESS, INC.,             )                        ORDER
                                         )
13                Defendant/Counter-claimant.   )
     _____)

14

15          Presently before the court is Plaintiff Convergys Corporation's ("Convergys") motion to

16   dismiss, or in the alternative, stay the counterclaims filed against it by Defendant Freedom

17   Wireless Incorporated ("Freedom") (#48[1]).  Freedom has filed an opposition (#59) to which

18   Convergys has replied (#65).  A hearing was held on September 11, 2006, with both parties

19   attending.

20                     **LEGAL STANDARD FOR MOTION TO DISMISS**

21          In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the

22   court asks only whether the pleadings are sufficient to establish a claim, not whether the Plaintiff

23   could find evidence to support the pleadings.  *See e.g., Lee v. City of Los Angeles*, 250 F.3d 668,

24   688 (9th Cir. 2001) (noting that "factual challenges to a plaintiff's complaint have no bearing on

25   the legal sufficiency of the allegations").  Therefore, for the purpose of the motion, the court

26   accepts as true all material allegations in the complaint and construes those allegations in the

27   light most favorable to the non-moving party.  *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

28   _____

           [1] References to (#XX) refer to the court's docket.

1  Cir. 1986) (citing *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983)).

2  Dismissal is warranted only if it appears to a certainty that the Plaintiff would not be entitled to

3  relief under any set of facts that could be proven.  *Id*.

4  **FACTS AND PROCEDURAL HISTORY**

5  This case is primarily an arbitration matter being dealt with by the American Arbitration

6  Association.  This court has motions pending before it based on Convergys' request for a

7  preliminary injunction filed in conjunction with its complaint (entitled "Complaint for Injunctive

8  Relief in Aid of Arbitration" (#1)).  Convergys' complaint requests injunctive relief which (1)

9  precludes Freedom from terminating the Interim Agreement[2]; (2) prevents Freedom from

10  representing that the Interim Agreement has been terminated; (3) prohibits Freedom from

11  representing that Convergys lacks an exclusive license to Freedom's technology; and (4) stops

12  Freedom from taking any other action that would deprive Convergys of a meaningful remedy if it

13  prevailed in the pending arbitration proceedings.

14  In response to the complaint, Freedom filed an answer and counterclaims.  While

15  Convergys' complaint sought injunctive relief in an attempt to maintain what Convergys

16  considers to be the status quo, Freedom's counterclaims sought declaratory relief in the form of

17  determinations by the court that (1) Freedom is entitled to terminate the Interim Agreement; (2)

18  Freedom may represent to third parties that the Interim Agreement has been terminated; (3)

19  Freedom may license its technology out to third parties; and (4) Freedom may represent to third

20  parties that Convergys' license is limited to certain parties listed in the Interim Agreement.

21  Convergys has now moved to dismiss the counterclaims brought by Freedom or, in the

22

23  ───────────────

24  [2]  Convergys and Freedom attempted to enter into a licensing agreement involving
patented technology held by Freedom relating to prepaid wireless phone calls and the billing of

25  those calls.  Apparently, the circumstances surrounding Convergys' business made a complete
agreement impractical at the time of negotiation.  Accordingly, Convergys and Freedom entered

26  into a separate agreement, called the Interim Agreement, which set forth certain business
arrangements, provided for dispute resolution mechanisms during the completion of the licensing

27  agreement, and stated the parties' intent to enter into a final and binding licensing agreement.

28  The validity of this contract is not before the court at this time.

2

1   alternative, to stay those claims pending arbitration.

2   **DISCUSSION**

3       The pending motion presents two issues for the court's consideration[3].  First, whether

4   Convergys waived its right to compel arbitration of the counterclaims.  And second, if Convergys

5   has not waived its right to compel arbitration, whether the court must allow the counterclaims

6   because they assert that the underlying arbitration clause was induced by fraud.  As will be

7   discussed below, the court concludes both that Convergys has not waived its right to compel the

8   counterclaims to arbitration and that the counterclaims may be so compelled because Freedom

9   did not properly plead its fraud argument.

10       *1.*    *Right to Compel Arbitration*

11       Freedom contends that Convergys' complaint involves arbitrable issues and that the filing

12   of the complaint necessarily waives Convergys' ability to compel arbitration of Freedom's

13   counterclaims.  The parties agree that three factors must be met for a party to waive its right to

14   arbitration: (1) the party must know of an existing right to compel arbitration; (2) the party must

15   engage in acts inconsistent with that right; and (3) the party opposing arbitration must suffer

16   prejudice as a result of the inconsistent acts.  *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1012 (9th

17   Cir. 2005); *Fisher v. A.G. Becker Paribas, Inc.*, 791 F.2d 691, 694 (9th Cir. 1986).  A finding

18   that a contractual right to arbitration has been waived is not favored.  Accordingly, "any party

19   arguing waiver of arbitration bears a heavy burden of proof."  *Fisher*, 791 F.2d at 694 (quoting

20   *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1025 (11th Cir. 1982)).

21   Convergys does not contest its knowledge of the right to compel arbitration under the parties'

22

23

24       [3]  The parties have also disputed whether the court may consider an agreement concerning arbitration made between the parties after the filing of the pending lawsuit.  Documents outside

25   of the pleadings may be considered by a court if its contents are alleged in the pleadings, are crucial to a party's claims, and none of the parties question the document's authenticity.  *Sosa v.*

26   *DIRECTV, Inc.*, 437 F.3d 923, 927 n.1 (9th Cir. 2006).  In the present case, the subsequent agreement to arbitrate certain issues is neither alleged in the pleadings nor crucial to Freedom's

27   claims.  As such, the agreement is excluded from consideration at the motion to dismiss stage

28   and has not been considered by the court.

1    previous agreements.

2         The parties dispute whether Convergys has acted in a manner inconsistent with its right to

3    compel arbitration.  Based on the timing of Convergys' actions and the discussion of similar

4    issues in *PMS Distributing Company v. Huber & Suhner, A.G.*, 863 F.2d 639 (9th Cir. 1988), the

5    court concludes that Convergys' actions are not inconsistent with its right to compel arbitration

6    of the counterclaims.

7         In the standard case where a party is deemed to have waived their right to arbitration, a

8    wholly different factual scenario usually exists.  In those cases, a party repudiates an arbitration

9    agreement in order to bring certain claims before the court.  However, when counterclaims are

10   brought, the party that initiated the lawsuit seeks to compel arbitration of the counterclaims.  In

11   the present case, Convergys initially sought to compel arbitration.  After an arbitration demand

12   was filed, Freedom provided notice to Convergys that it considered the Interim Agreement in

13   place between the parties to be breached and expressed its intent to terminate the agreement.

14   Convergys then turned to the courts seeking the underlying preliminary injunction because no

15   arbiter had yet been assigned to the arbitration claims.  Accordingly, the court does not view the

16   present case as one wherein the standard reasons for finding a waiver of the right to compel

17   arbitration would exist.

18        Further, the court notes the discussion found in *PMS Distributing*.  In that case, the Ninth

19   Circuit was faced with a situation where arbitration had been compelled but one of the parties

20   had returned to the district court to seek a writ of possession.  Citing to decisions from the First,

21   Second, and Seventh Circuits, the Ninth Circuit determined that the district court had authority to

22   issue the writ of possession based on the district court's original order to compel arbitration.

23   *PMS Distributing*, 863 F.2d at 641-42.  While the basis for permitting the writ in *PMS*

24   *Distributing*, a previous order to compel arbitration, does not exist in this matter, the tacit

25   approval of the First Circuit decision in *Teradyne, Inc. v. Mostek Corp.*, 797 F.2d 43 (1986),

26   contained within the opinion, convinces the court that preliminary injunction requests in

27   arbitrable disputes are not inconsistent with the right to compel arbitration of claims.  Called the

28   case "most similar factually" to *PMS Distributing*, 863 F.2d at 641, *Teradyne* held that a district

4

1   court can grant injunctive relief in arbitrable disputes which are pending arbitration so long as the

2   prerequisites for injunctive relief are satisfied.  *Teradyne*, 797 F.2d at 51 (holding, after

3   summarizing the various position of the Circuit courts on this issue, that "a district court can

4   grant injunctive relief in an arbitrable dispute pending arbitration, provided the prerequisites for

5   injunctive relief are satisfied").

6        The court has reviewed the cases discussed in *Teradyne*, as well as the underlying policy

7   arguments for and against allowing injunctive relief in arbitrable matters, and concludes that the

8   reasoning of *Teradyne* is sound.  Accordingly, given that injunctive relief is available from

9   district courts in arbitrable matters, the court concludes that a request for injunctive relief is not

10  an act inconsistent with one's right to compel arbitration.

11       The parties also dispute whether prejudice to Freedom would arise should the claims be

12  compelled to arbitration.  Two forms of prejudice are recognized in these types of cases,

13  substantive prejudice and prejudice due to excessive cost and/or delay.  *E.g., Thyseen, Inc. v.*

14  *Calypso Shipping Corp., S.A.*, 310 F.3d 102, 105 (2d Cir. 2002).  The court has reviewed

15  Freedom's arguments supporting the finding of prejudice and finds them unconvincing.  The

16  court sees no potential for re-litigating claims should arbitration be compelled and none of the

17  costs associated with arbitration are excessive given that the litigation in this court only arose

18  after the arbitration claims were filed - precluding any argument that forcing arbitration will

19  unnecessarily increase the costs of litigation.

20       The court finds, therefore, that Convergys has not waived its right to compel arbitration

21  of the counterclaims brought by Freedom.  Convergys has not acted in a manner inconsistent

22  with its known right to arbitrate and no prejudice will arise by compelling such arbitration.

23       *2.*     *Allegations of Fraud*

24       Having concluded that Convergys has retained its right to compel arbitration of the

25  counterclaims brought by Freedom, the court is faced with Freedom's argument that its

26  counterclaims should not be compelled to arbitration because the underlying agreement to

27  arbitrate was induced by fraud.  Courts have the authority to determine whether an arbitration

28  clause was induced by fraud prior to compelling a matter to arbitration.  *See Buckeye Check*

1   *Cashing Inc. v. Cardegna*, ___ U.S. ___, 126 S.Ct. 1204, 1208 (2006); *Three Valleys Mun.*

2   *Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1140-41 (9th Cir. 1991).  However, when

3   "pleading to a preceding pleading, a party shall set forth affirmatively . . . fraud. . . ."  Fed. R.

4   Civ. P. 8(c).  Further, when fraud is required to be pled, it must be pled with specificity.  Fed. R.

5   Civ. P. 9(b); *see also* 5A Wright and Miller, *Federal Practice & Procedure*, § 1297 at pp. 182-83

6   (3d ed.2004) (noting that fraud must be raised as an affirmative defense, and that such a defense

7   is an averment of fraud, subject to heightened pleading requirement).

8          Freedom's answer and counterclaim are lacking in any allegations of fraud concerning its

9   inducement into the arbitration clause of the Interim Agreement.  The issue is raised, for the first

10  time, only in Freedom's opposition to Convergys' motion to compel arbitration on Freedom's

11  counterclaims.  The original complaint bases its request for injunctive relief on the assumption

12  that a valid arbitration clause exists which would be rendered meaningless unless Convergys'

13  view of the status quo is maintained pending arbitration.  As such, Freedom was fully aware of

14  the importance of the arbitration clause to the claim and cannot argue convincingly that adding

15  specific allegations of fraud as an affirmative defense would have required it to predict

16  Convergys' future arguments.  Accordingly, Freedom's reliance on *Jacobson v. Schwarzenegger*,

17  357 F.Supp.2d 1198, 1217 (C.D. Cal. 2004) (providing that parties need not anticipate and plead

18  around affirmative defenses that might be raised in the answer), is misplaced.

19         As Freedom did not plead, with particularity, fraud in the inducement as an affirmative

20  defense to the allegations that a valid arbitration clause existed which warranted injunctive relief,

21  it would be improper to allow Freedom to raise those issues for the first time in its opposition to

22  Convergys' motion to compel arbitration.

23         *3.     Federal Arbitration Act § 3*

24         Convergys has requested, as an alternative to dismissing Freedom's counterclaims, that

25  those claims be stayed pursuant to Federal Arbitration Act § 3, 9 U.S.C. § 3.[4]  As the court has

26

27         [4] § 3 provides that "upon being satisfied that the issue involved in [a suit upon any issue

28  referable to arbitration] is referable to arbitration . . ., [a court] shall on application of one of the

6

1  found that Convergys has not acted in a manner inconsistent with its right to arbitrate Freedom's

2  counterclaims, those counterclaims are referable to arbitration.  Further, the court notes that no

3  evidence exists that Convergys is in default in the underlying arbitration.  Under these

4  circumstances, there remains much to be presented in the underlying arbitration and the court

5  considers dismissal of Freedom's counterclaims without prejudice to be preferable.

6                                                    **CONCLUSION**

7          The court finds that Convergys has not waived its right to compel arbitration in this

8  matter.  Further, the court concludes that Freedom may not raise the issue of fraud in the

9  inducement at this stage because of its failure to plead the affirmative defense in its answer and

10 counterclaim.  Finally the court dismissed Freedom's pending counterclaims without prejudice.

11 The court's order, however, should not be read to endorse Convergys' pending application for a

12 preliminary injunction.  The finding of a right to proceed in that matter does not imply a right to

13 relief.

14         It is therefore ORDERED that Convergys' motion to dismiss, or in the alternative, stay

15 the counterclaims (#48) is GRANTED.

16         Freedom's counterclaims are hereby dismissed without prejudice.

17         DATED this 11th day of October, 2006.

18

19

20                                          _____
                                                   LARRY R. HICKS
21                                                 United States District Judge

22

23

24

25

26

27         _____

28 parties stay the trial of the action until such arbitration has been had . . ., providing the applicant
   for the stay is not in default in proceeding with such arbitration."  9 U.S.C. § 3.